UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
06-CR-221S

VICKI R. PETERSON,

                Defendant.

On July 25, 2006, Defendant Vicki R. Peterson waived indictment and pleaded guilty to a single-count felony information charging her with unlawful importation of 3, 4-methylenedioxymethamphetamine (MDMA) and methamphetamine, both controlled substances, in violation of 21 U.S.C. § 952 (a). (Docket Nos. 21, 22.) On September 5, 2007, this Court sentenced Peterson to a term of imprisonment of five months to be served at a halfway house, followed by a 3-year term of supervised release. (Docket No. 45.)

In a pro se letter motion filed on March 13, 2020, Peterson now seeks to have her conviction expunged on the basis of her post-conviction rehabilitation. (Docket No. 48.) She highlights her dedication to her family, her care of young family members, and her desire to work as reasons why her conviction should be expunged. In short, she maintains that her criminal conviction is hampering her ability to find work.

"[E]xpungement lies within the equitable discretion of the court, and relief usually is granted only in 'extreme circumstances.' In determining whether such circumstances exist, courts have considered the delicate balancing of the equities between the right of privacy of the individual and the right of law enforcement officials to perform their necessary duties." United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977) (internal quotation marks and citations omitted). "In considering these equities, courts must be cognizant that the power to expunge is a narrow one, and . . . should be reserved for the unusual or extreme case." Id. at 539 (internal quotation marks and citation omitted).

Here, although commendable, Peterson's post-conviction rehabilitation does not present an unusual or extreme case. Put simply, Peterson's desire to expunge her conviction to facilitate finding work does not justify expungement. See, e.g., United States v. Gaskin, No. 99-CR-158, 2010 WL 1221589, at *2 (E.D.N.Y. Mar. 25, 2010) ("While Defendant['s] record has caused him difficulty in finding employment—and even though he currently has the opportunity to become employed pending his record's expungement—adverse employment decisions are a result of arrest and conviction, and do not constitute grounds for expungement."); Slansky v. White, No. 96 Civ. 2338, 1996 WL 312401, at *2 (S.D.N.Y. June 10, 1996) (same).

Although this Court finds that expungement is not justified under the law, Peterson's post-conviction adjustment and dedication to her family is no less laudable or worthy of commendation. Her motion, however, must be denied.

IT HEREBY IS ORDERED, that Defendant's Motion to Expunge (Docket No. 48) is DENIED.

SO ORDERED.

Dated: March 31, 2020
        Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge